UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTHER WEILAND,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CITY OF CONCORD, et al.,<br><br>　　　　　Defendants. | Case No. 13-cv-05570-JSC<br><br>**ORDER RE: DISCOVERY LETTER BRIEF**<br><br>Re: Dkt. No. 23 |

Plaintiff Walther Weiland alleges that Defendants violated his civil rights during an incident wherein he was arrested by an off-duty police officer for Defendant City of Concord following a traffic accident. Now pending before the Court is Defendants' request to compel production of Plaintiff's unredacted medical records for the five years preceding the incident through the present. After carefully considering the arguments and briefing submitted, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), and GRANTS the motion in part. Balancing Plaintiff's privacy rights against the relevance of this evidence to Plaintiff's damages claims, the Court orders Plaintiff to produce unredacted medical (not mental health) records from 2008 to the present.

**BACKGROUND**

On February 17, 2013, Plaintiff Walther Weiland was involved in a traffic accident with Defendant Kevin Mansourian, an off-duty police officer for the City of Concord. The parties dispute who caused the accident, but it is undisputed that after the accident the parties pulled over to the side of the road. Plaintiff contends that Defendant Mansourian, who was not wearing a uniform, thereafter approached Plaintiff screaming profanities, identifying himself as a police officer, and stating that Plaintiff was under arrest. (Dkt. No. 1 ¶ 18.) When Plaintiff asked to see

1  Defendant Mansourian's badge, Plaintiff alleges that Mansourian violently assaulted Plaintiff
2  slamming him to the ground face-first and placing Plaintiff in a control hold with his hands behind
3  his back and Defendant Mansourian on top of him with his knee in Plaintiff's back.  (*Id*. ¶ 18-19.)
4  Plaintiff asserts that he requested that Defendant Mansourian take his weight off him because he
5  has a stent in his heart.  (*Id*. ¶ 20.) Defendant contends that Plaintiff resisted arrest so he took
6  Plaintiff to the ground and restrained him for about five minutes until the California Highway
7  Patrol arrived.  (Dkt. No. 14 ¶ 5.)

8  Plaintiff alleges that he suffered severe physical injuries as a result of this incident,
9  including but not limited to a radial head fracture of his right arm, bruised ribs, cuts, and
10 lacerations.   (Dkt. No. 1 ¶ 32.)  He brings claims against Defendant Mansourian, the City of
11 Concord, and City of Concord Chief of Police Guy Swanger for violation of his civil rights under
12 state and federal law, as well as various state law claims.  Plaintiff seeks compensatory and
13 punitive damages.

14 Although formal discovery has not yet begun, as part of Plaintiff's initial disclosures he
15 produced redacted versions of his Kaiser medical records from February 17, 2013 to the present.
16 Defendants seek unredacted versions of his medical records from 2008 through the present.

## DISCUSSION

18 Rule 26 of the Federal Rules of Civil Procedure authorizes discovery "regarding any
19 matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P.
20 26(b)(1).  A party who resists discovery has the burden of demonstrating that it should not be
21 allowed. *Oakes v. Halvorseen Marine Ltd*., 179 F.R.D. 281, 283 (C.D. Cal. 1998) (citation
22 omitted).  As reflected by the language of Rule 26, a party may fulfill this burden by making a
23 proper assertion of privilege.  *See Oakes*, 179 F.R.D. at 284 (citing Fed. R. Civ. P. 26(b)(5); *Walt*
24 *Disney Co. v. DeFabiis*, 168 F.R.D. 281, 283 (C.D. Cal. 1996)).

25 Defendants seek Plaintiff's complete Kaiser medical records and bills from February 17,
26 2008 through the present.   Plaintiff agrees that some of his medical records are relevant here, but
27 objects to producing his complete medical records on privacy and relevance grounds.  Plaintiff
28 agrees that medical records relating to his right arm, right shoulder, hearing aid, and the existence

2

1    of his heart stent are relevant.  Thus, on July 28, 2014, Plaintiff produced redacted medical records
2    from February 17, 2008 to the present that relate to Plaintiff's right arm, right shoulder, hearing
3    air, ribs and cuts, lacerations and/or bruises.  Defendants object to Plaintiff's redactions and seek
4    all of Plaintiff's medical and mental health records from February 2008 to the present.

5          A party enjoys privacy rights in his medical records generally.  *See Bertram v. Sizelove*,
6    2012 WL 273083, at *2 (E.D. Cal. Jan. 30, 2012).  A party may nonetheless waive these privacy
7    rights by putting the contents at issue in a case.  *Smith v. Solano Cnty.,* 2012 WL 3727332, at *1
8    (E.D. Cal. Aug. 24, 2012); *Bertram*, 2012 WL 273083, at *3.  Any waiver, however, is "limited to
9    the private information that is relevant to the lawsuit." *Enwere v. Terman Associates, L.P*., 2008
10   WL 5146617, at *2 (N.D. Cal. Dec. 4, 2008) (citation omitted).

11         Plaintiff seeks compensation for physical and emotional damages that he allegedly suffered
12   because of Defendants' actions.  By bringing this lawsuit, Plaintiff has placed at issue the extent of
13   his injuries and therefore waived his privacy rights as to his medical records.  Defendants are
14   entitled to reasonable discovery that will shed light on the nature of Plaintiff's alleged injuries and
15   on the sources that proximately gave rise to those injuries.  And, as Defendants argue, some of
16   those records may also be relevant to what happened that day and why. The problem with
17   Plaintiff's position is that it leaves it entirely up to Plaintiff to decide what records are or are not
18   relevant.  Defendants' expert may have a different view from Plaintiff or Plaintiff's expert as to
19   what is relevant.  Defendants will be deprived of the opportunity to develop such evidence if
20   Plaintiff's view of what is relevant automatically prevails.

21         The protective order properly balances Plaintiff's privacy interests with Defendants' right
22   to potentially relevant discovery.  While there may be some medical records that are clearly not
23   relevant (such as OB Gyn records in some cases), Plaintiff has not identified any such records
24   here.  Accordingly, subject to the protective order, Plaintiff must produce unredacted versions of
25   his medical records as requested.

26         Defendants, however, have not demonstrated that they are entitled to discovery of
27   Plaintiff's mental health records given that he only seeks garden variety emotional distress
28   damages.  *See Valiavacharska v. Celaya*, No. 10-4847, 2011 WL 4479341, at *3-4 (N.D. Cal.

Sept. 26, 2011) (granting a motion to quash where plaintiff only sought garden variety emotional distress).

## CONCLUSION

For the reasons explained above, Defendants' motion to compel is granted in part. Plaintiff shall produce unredacted medical records from 2008 through the present.

To the extent that future discovery disputes arise, the parties are reminded that under the Court's Standing Order discovery letter briefs are to be no more than 8 pages and the letter brief and all attachments thereto shall be e-filed under the Civil Events category of "Motions and Related Filings > Motions – General > Discovery Letter Brief."

This Order disposes of Docket No. 23.

**IT IS SO ORDERED.**

Dated: August 7, 2014

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge